MANUEL VIDAL-ALVAREZ, Plaintiff and Appellant, *v.* GEORGINA RODRÍGUEZ-BALLESTER and FERNANDO LUIS RODRÍGUEZ-BALLESTER, Defendants and Appellees.

No. 3411. Argued January 23, 1925.—Decided June 19, 1925.

1. MINORS—LIABILITY OF MINORS—BUSINESS OF FATHER—CONTINUATION OF BUSINESS BY MOTHER.—When a mother continues the business of the father for their minor children the minors may be sued for the payment of obligations contracted in said business, although they may have had no participation in the business.

2. ID.—ID.—ID.—ID.—AUTHORIZATION OF COURT.—A mother needs no authorization of court to continue the business of the father for their minor children.

District Court of Ponce, R. Díaz Cintrón, J. Judgment for the defendants in an action of debt. *Reversed.*

*López de Tord & Zayas Pizarro* for the appellant. *José R. Gelpí* and *Sergio G. Gelpí* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

[1] Although one of the grounds on which the district court based its judgment dismissing the complaint in this case was that it had not been proved satisfactorily that the defendants had participated in conducting the commercial establishment doing business under the name of Succession of Américo Rodríguez, we agree with the plaintiff-appellant that its conclusion was erroneous, for although they did not and could not engage in any business personally because they were minors, yet the evidence showed that the mother with *patria potestas* over them continued the business of the father, Américo Rodríguez, with the capital belonging to the children by inheritance, paying debts contracted by

the father and assuming new obligations for the establishment which continued its business as conducted by the father, but under the name. of Succession of Américo Rodríguez.

[2] Consequently it remains to consider the other ground of this appeal under which it is alleged that the court erred also in holding that the mother of the defendants, in continuing the business of her husband,, could not encumber the. properties of her minor children without authorization of court.

As we have said, the mother continued the commercial business of the father of the minors with the capital left by him and belonging to his heirs, and as she did not obtain authorization of court for doing so, the question is whether such authorization was necessary in order that she might continue in the names of her children the business conducted by their father.

Of course, as the defendants were not twenty-one years of age when their father died, they could not engage personally in the business, because that age is a requisite prescribed by article 4 of the Code of Commerce; but article 5 of that Code provides as follows: ''Persons under twenty-one years of age and incapacitated persons may continue, through their guardians, the commerce in which their parents or persons from whom the right is derived may have been engaged. If the guardians do not have legal capacity to trade, or have some incompatibility, they shall be under the obligation to appoint one or more factors who possess the legal qualifications, and who shall take their places in the business.''

That provision is new in the Code of Commerce and we have been cited to no judgment of Spain, whose code is the same as ours, construing the article cited. We have been able to find only the Philippine case of *Hongkong & Shanghai Banking Corporation* v. *Aldecoa & Co.,* 30 Phil. Rep. 255, wherein the court dismissed the action against the minors,

holding that "As the firm of which it is claimed the children are industrial partners was not a continuation of the firm of which their deceased father was a member, but was a new partnership operating under its own articles of agreement, it is clear that article 5, *supra*, does not sustain the mother's power to bind her children as industrial partners of the new firm." In another part of the opinion it is said that the mother did not obtain authorization of court to enter into the partnership contract in representation of her children. We may deduce therefrom that, *a contrario sensu,* this decision lays down the doctrine that the mother may continue the business of the father in the names of the minor children without authorization of court.

It is true that the said article does not mention expressly the father or the mother and employs the word "guardians," but this is a word of broad meaning which includes anybody having custody of the minors, whether father, mother, or tutor.

When the person who is to continue the business of the father of the minors is a tutor he can not do so without authorization of court, because both the Spanish Civil Code subsequent to the Code of Commerce, which was in force in this Island until 1902, and the Civil Code of Porto Rico, in force since that year, provide in sections 269 and 282, respectively, that the tutor must have authorization of court in order to continue the business or industry carried on by the incapacitated person or his ascendants or those of the minor; but there is no provision in our laws requiring that in such cases the mother must obtain authorization of court, and, therefore, we can not impose that duty upon the mother with *patria potestas,* for this being general, it has no other limitations than those expressly imposed by law, and although it is true that neither the father nor the mother can encumber or alienate properties of their minor children except by reason of necessity and utility, this prohibition does not cover the continuation of a busi-

ness of the father, although their properties be subject to the result of the business or industry so continued.

It is alleged to the contrary that in the preamble to the Code of Commerce it is said with regard to the said article 5 that "there shall be necessary the corresponding declaration of the utility which the minor shall derive from the continuation of the business, and such declaration shall be made by judicial authority, upon the proceedings determined in the Law of Procedure . . ." But after the Code of Commerce went into effect such authorization has been required for tutors, but not for the parents. We are informed also that Alvarez del Manzano, in his commentaries on the Code of Commerce, volume I, p. 283, says that the said article will always be the cause of doubts which are only partly dispelled by the provisions of the new Civil Code, and that the article presupposes that the minors or incapacitated persons are not subject to *patria potestas,* because it refers to guardians who in their names may continue the business; but that if they are so subject then why not apply to the person with *patria potestas* the same rule as to the tutors, only substituting the said guardians by the father or the mother?

We have already said that in our opinion the word "guardians" includes the parents, and it would not seem logical for the code to authorize the tutors and not the parents to continue the business of the father of the minors. And it is strange that if that article is so doubtful in the opinion of the said commentator, no question has been raised about it in the courts since the year 1885 when it went into effect, notwithstanding the many cases in which the business of the father has been continued in the names of his minor children, to such extent that in articles of partnership it is common to stipulate that the death of any partner shall not preclude the continuation of the business with his heirs, who very frequently are minors. And as regards the theory that if the tutors are required to obtain

authorization of court the same should be required of the parents, we regret to have to dissent from the opinion of such an illustrious writer, because there is not the same reason in the two cases, inasmuch as the authority, duties and rights of a mother with *patria potestas* are not equal to those of a tutor who in many instances is a person not related to the minor.

The appellees have cited two decisions of Italian courts in support of their contention, but we shall not stop to consider them because we are unacquainted with the provisions of the Italian Code on that subject.

For all of the foregoing we are of the opinion that the mother does not need authorization of court to continue for her children the business or industry of their father and, therefore, that the properties of the children are liable for the obligations contracted by the mother in that business or industry, for which reason the judgment appealed from must be reversed and another rendered sustaining the complaint wherein it is sought to recover from the children of Américo Rodríguez the sum of $1,145.13 for goods sold to the Succession of Américo Rodríguez and still unpaid, with interest at the legal rate from the date of the complaint.